UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROOSEVELT WATTS,

        Petitioner,

v.

        Civil No. 10-11548-BC
        Honorable Thomas L. Ludington

CAROL HOWES,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE**

Petitioner Roosevelt Watts, a Michigan prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 16, 2010, challenging, inter alia, his 2006 conviction for first degree murder. In his petition, he raises claims concerning the admission of other acts evidence and the sufficiency of the evidence. This matter is before the Court on the Petitioner's motion to hold this case in abeyance so that he may exhaust state court remedies on additional claims concerning the effectiveness of trial and appellate counsel.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not demonstrated the need for a stay. His current claims appear to be exhausted and he has neither alleged nor shown that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, _ U.S. _, 129 S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The Michigan Supreme Court denied Petitioner leave to appeal on March 29, 2010 and the time for seeking a writ of certiorari with the United States Supreme Court expired on June 27, 2010. The petitioner dated his federal habeas petition on April 12, 2010. Thus, the one-year period had not yet begun to run when the petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *See, e.g.*, *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that the full one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

Additionally, while there is no evidence of intentional delay, Petitioner has not shown good cause for failing to previously raise his additional issues in the state courts before seeking federal habeas relief. The fact that appellate counsel did not raise issues on direct appeal, while perhaps

establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his issues on state collateral review before proceeding in federal court. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). Petitioner's unexhausted claims concern matters of federal law which do not appear to be plainly meritless. Those claims should be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254. Given such circumstances, a stay is unnecessary and unwarranted.

Accordingly, it is **ORDERED** that Petitioner's motion to hold the petition in abeyance pending exhaustion of state court proceedings [Dkt. # 12] is **DENIED**. Should Petitioner wish to have the Court dismiss the present petition, which contains only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: March 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and by first class U.S. mail upon Roosevelt Watts, #227106, at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036 on March 8, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS