UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROOSEVELT WATTS, #227106,

        Petitioner,         Case No. 10-cv-11548

v         Honorable Thomas L. Ludington

CAROL HOWES,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RESUBMISSION OF HABEAS PETITION RELATING BACK TO ORIGINAL PETITION AND DISMISSING WITHOUT PREJUDICE THE AMENDED HABEAS PETITION**

      This matter is before the Court on habeas petitioner Roosevelt Watts' motion to "resubmit" a new habeas petition in this closed habeas case. *See* ECF No. 16. In March, 2011, the Court denied Petitioner's motion to hold his original habeas petition in abeyance because he had the full year of the one-year federal habeas statute of limitations period remaining in which to exhaust additional claims in the state courts and return to federal court on a new petition. *See* ECF No. 13. In that order, the Court gave Petitioner the option of either proceeding only on his exhausted claims or voluntarily dismissing his petition in order to return to state court to exhaust additional issues. In response, Petitioner moved to dismiss his petition. *See* ECF No. 14. In April, 2011, the Court granted that motion and dismissed without prejudice the habeas petition to allow Petitioner to further pursue state court remedies. *See* ECF No. 15. The Court did not retain jurisdiction over the case.

      Petitioner now seeks to proceed in this closed case on an amended petition following the exhaustion of state court remedies. *See* ECF No. 16. Petitioner cannot amend his prior habeas petition because it is no longer pending before this Court. While a federal court generally has

- 2 -

discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the case. Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994). No such action has occurred in this case. The Court specifically denied Petitioner's request to hold his original habeas petition in abeyance, dismissed that petition, and closed the case. Petitioner's proper recourse is to file a new habeas petition in accordance with the federal rules, not to reopen this closed case.

Accordingly, it is **ORDERED** that Petitioner's motion for resubmission and relation back, ECF No. 16, is **DENIED.**

It is further **ORDERED** that Petitioner's resubmitted petition, ECF No. 17, is **DISMISSED without prejudice.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 4, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 4, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager